[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2119
The instant proceeding arises out of an automobile accident on June 19, 1996. The plaintiff alleges that a motor vehicle operated by the defendant Reinke, and owned by the defendant Meinerth, rear ended her automobile. The complaint is set forth in three counts. The first sounds in negligence; the second asserts a claim of negligence per se; and the third incorporates counts one and two, and adds the following allegations:
"11. The foregoing accident was caused by the Defendant Reinke, for whose negligence or recklessness the Defendant Meinerth is also liable, in one or more of the following ways:
"a) In that she deliberately or with reckless disregard operated the motor vehicle in violation of Section 14-218a of the Connecticut General Statutes;
"b) In that she deliberately or with reckless disregard operated the motor vehicle in violation of Section 14-222 of the Connecticut General Statutes; and
"12. The aforesaid violations of Sections 14-218a and/or14-222 of the Connecticut General Statutes were a substantial factor in causing the aforesaid injuries to the Plaintiff Eileen Cloutier."
The defendants have filed a motion to strike the third count and paragraph two of the prayer for relief which requests double or triple damages pursuant to § 14-295. The defendants argue that the third count does not support a cause of action for recklessness and, therefore, the plaintiff is not entitled to relief she seeks.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorporation, 240 Conn. 576, 580 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,383 n. 2 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCCT Page 2120Group, Inc., 224 Conn. 210, 215 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corporation, supra.
Several of our superior courts have required that plaintiffs allege sufficient facts "to inform the defendant of what acts were reckless . . . regardless of whether the claim is based on a statute or on common law." (Citation omitted.) Meiliken v.Romano, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.). See alsoBivens v. Brewster, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308588 (March 22, 1994, Rodriguez, J.). The plaintiff's third count fails to apprise the defendants of what specific acts were reckless, and thus does not disclose an adequate factual predicate to support that allegation. Accordingly, the defendants' motion to strike the third count is granted.
Moraghan, J.